UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.S.D.,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; CHRISTOPHER CHESTNUT, Warden of the California City Detention Center,<br>　　　　　Respondents, <br><br>　　　　　Respondents. | No. 1:26-cv-00085-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

　　　　Petitioner P.S.D. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 2.  The Court has addressed the legal issues raised by counts one and two of the petition on previous occasions.  *See, e.g.*, *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025); *Carmen G.C. v. Robbins*, No. 1:25-CV-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

---

[1] Petitioner's motion to proceed via pseudonym was granted by separate order.

1

1    The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *Clene C.D. v. Robbins*, *Carmen G.C. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the motion for temporary restraining order. Doc. 6. The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing. *Id.*

Respondents stated that they reviewed the cases cited in the Court's minute order and "agree that there are no factual or legal issues in this case that render it distinct from the court's prior orders." Doc. 8 at 3. Respondents also state that they do not request a hearing and that, if the Court is inclined to grant petitioner's motion for a temporary restraining order, the Court should "go further and enter a final judgment granting the petition for writ of habeas corpus on the merits." *Id.* at 1. The Court will therefore rule directly on the petition.

As respondents have not identified any factual or legal issues in this case that render it distinguishable from the Court's prior decisions in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025), *Carmen G.C. v. Robbins*, No. 1:25-CV-01648-KES-HBK (HC), 2025 WL 3521304 (E.D. Cal. Dec. 8, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and for the reasons stated in those prior orders, the petition for writ of habeas corpus is GRANTED as to counts one and two.[2]

Respondents are ORDERED to release petitioner immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

///

---

[2] The Court need not address counts three and four of the petition as petitioner is entitled to the relief he seeks on counts one and two.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   January 9, 2026

UNITED STATES DISTRICT JUDGE

3